JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1646 AG (DFMx) | Date | November 20, 2014 |
|---|---|---|---|
| Title | HUAN VO-TA and CATHERINE VO-TA v. BANK OF AMERICA, N.A., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER REMANDING CASE

Plaintiffs Huan Vo-Ta and Catherine Vo-Ta ("Plaintiffs") filed this complaint in state court against Defendants Bank of America, N.A. and Nationstar Mortgage LLC ("Defendants"), as well as against RSM&A Foreclosure Services LLC, which has not appeared in the action. Plaintiff alleges several state law violations relating to Defendants' attempt to foreclose on a home loan without considering Plaintiff's requests for a loan modification. Defendants removed this case to federal court under diversity jurisdiction. Because Defendants have not met their burden of establishing that the amount in controversy exceeds $75,000, the case is REMANDED to state court.

On October 21, 2014, the Court ordered Defendants to show cause why the case should not be remanded for failure to satisfy the amount in controversy threshold. In particular, the Order stated:

> Defendants rightly note in the Notice of Removal that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977). But Defendants argue, too simplistically, that the "object of the litigation" in this case is the value of the underlying property securing the loan. The Court is not

JS - 6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1646 AG (DFMx) | Date | November 20, 2014 |
|---|---|---|---|
| Title | HUAN VO-TA and CATHERINE VO-TA v. BANK OF AMERICA, N.A., et al. | | |

convinced.

While Defendants assert that "Plaintiff seeks injunctive relief to compel defendants to 'cancel the projected sale date and CEASE all foreclosure activity on the subject property'" (Notice of Removal, Dkt. No. 1, ¶ 23), it's clear that Plaintiffs seek that relief only as a temporary measure ensuring that Defendants properly consider their loan modification before foreclosing on their home. (Complaint, Dkt No. 1, Ex. E. ¶ 69.) The Court does not see how this delay in foreclosure could place the entire value of the property in controversy, and Defendants fail to explain how the pecuniary result of such a delay could be so high. *See, e.g., Cross v. Home Loan Mortg. Corp.*, CV 11-04728 DMG RZX, 2011 WL 2784417, at *2 (C.D. Cal. July 15, 2011) ("[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce.") Thus Defendant has failed to meet its burden concerning the amount in controversy..

Accordingly, the Court ORDERS Defendant to show cause in writing why this action should not be remanded within 14 days of this Order, supporting its assertions with an assessment of the amount in controversy consistent with this Order. Plaintiff may submit a response within seven days of Defendant's filing. Alternatively, Defendant may stipulate to a remand.

In their response to that Order, Defendants do not establish that the possible pecuniary result to either party exceeds $75,000. Instead they point to several cases from other districts holding that when a plaintiff seeks to enjoin foreclosure, the value of the property is the object of the litigation. As the Court made clear in its Order, it is not persuaded that this reasoning applies to injunctions that only temporarily delay foreclosure.

Importantly, where Plaintiffs have not alleged an amount in controversy greater than $75,000, *Defendants* bear the burden of showing by clear and convincing evidence that the amount in controversy is satisfied. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007); 28 U.S.C. § 1446(c)(2)(B). It is not enough to argue, as Defendants do, that

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1646 AG (DFMx) | Date | November 20, 2014 |
|---|---|---|---|
| Title | HUAN VO-TA and CATHERINE VO-TA v. BANK OF AMERICA, N.A., et al. | | |

"Plaintiffs do not limit their request for cessation of foreclosure activity to the time during which [the loan modification] application is reviewed." (Reply to OSC, Dkt. No. 14, at 4:12-13.) As noted, it is not Plaintiffs' burden to prove that the financial impact of the injunctive relief they sought in state court is below $75,000. The burden to establish the amount in controversy belongs to Defendants, who removed the case to this federal forum, and Defendants fail to convince the Court that the pecuniary results of such an injunction would satisfy the amount in controversy.

Defendants misguidedly point out that Plaintiffs seek a "permanent" injunction. But in this context, the word "permanent" doesn't mean unending. Rather, it is a term of art referring to an injunction issued after a trial on the merits. *See* Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2941 (3d ed. 2013). Beyond pointing to the word "permanent," Defendants fail to produce evidence that Plaintiffs seek an unending injunction—or that such an injunction is a possible remedy for the harm alleged in the complaint.

Defendants have not met their burden of showing that the amount in controversy requirement is satisfied. This case is REMANDED.

: 0

Initials of Preparer